Steve MILONE et al., Lawrence T. Smith, a member of the Board of Monitors, Appellants,

v.

John F. ENGLISH et al., Appellees.

No. 15715.

United States Court of Appeals District of Columbia Circuit.

Argued May 12, 1960.

Decided June 2, 1960.

Messrs. Eugene F. Mullin, Jr., J. Parker Connor and John P. Bankson, Jr., Washington, D. C., were on the brief for appellant Lawrence T. Smith, a member of the Board of Monitors.

Mr. Seymour J. Spelman, Alexandria, Va., entered an appearance for appellant Steve Milone and certain other appellants.

Mr. Godfrey P. Schmidt, New York City, was on the brief for appellee Edward McFarland and certain other appellees.

Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D. C., entered appearances for the International Brotherhood of Teamsters

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

PER CURIAM.

The appeal is from an order of the District Court of May 4, 1960, in terms removing Lawrence T. Smith, as of March 30, 1960, as a Monitor. On May 12, 1960, we stayed the order pending disposition of this appeal or our further order.

Lawrence T. Smith is a Monitor who was appointed by the District Court on

nomination of plaintiffs as provided in the Consent Decree entered January 31, 1958, approved as modified in the parent action of English v. Cunningham, 106 U.S.App.D.C. 70, 269 F.2d 517, certiorari denied 361 U.S. 897, 905, 80 S.Ct. 195, 4 L.Ed. 152, 181. Under date of March 28, 1960, one of the attorneys for some of the plaintiffs, Godfrey P. Schmidt, Esq., sent to the Judge of the District Court before whom the matter was pending a letter giving in detail reasons why he thought Lawrence T. Smith should be removed as Monitor unless he resigned. No copy of this letter was sent to or furnished to Mr. Smith or to the parties to the case or to their counsel. On March 29, 1960, the court in a personal interview with Mr. Smith in the court's chambers requested his resignation, which was not tendered. On March 30, 1960, the court sent a letter to Monitor Smith advising him he was removed as Monitor. We dismissed an appeal sought to be taken from the removal in this form, indicating that the letter was not an appealable order. There followed the removal order of the District Court of May 4, 1960, now before us.

In paragraph two of the Consent Decree, it is provided that " * * * the Monitors are at all times subject to removal by this Court [the United States District Court] in the exercise of its discretion for any cause * * *." This means, we think, that prior to removal the District Court should enter an order directing the Monitor to show cause why he should not be removed for the reasons suggested therein; that if a return thereto is filed a hearing should be had, after which the District Court should enter an order removing, or refusing to remove, the Monitor. If removal were ordered, the Monitor then could appeal to this court to determine whether the District Court had abused its discretion.

This procedure was not followed here. To the contrary, it appears Smith's removal was based, in substantial degree at least, upon *ex parte* representations made to the District Court by Mr. Schmidt, of which neither Monitor Smith

nor the parties nor other counsel of record were aware. For these reasons only, the order of removal is set aside.

It is so ordered.